### Catholic Bishop of Chicago v. H. H. Troup et al.

1. APPELLATE COURT PRACTICE—*Objections Not Made Below.*—Grounds of objections to evidence not specifically made in the court below, will not be considered in the Appellate Court.

2. PRINCIPAL AND AGENT—*Secret Instructions to Agents—How Far Binding upon Third Persons.*—Where a person is a general agent of another, restrictions upon his powers by private instructions, unknown to persons dealing with him as agent, do not relieve the principal of liabilities put on him by the agent.

**Assumpsit,** on orders for money. Appeal from the Circuit Court of Kankakee County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 10, 1895.

GEORGE W. SMITH and EDWARD E. DAY, attorneys for appellant.

THOMAS P. BONFIELD, attorney for appellees.

MR. PRESIDING JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

This suit was brought by appellees, lumber dealers in

Kankakee, upon four orders drawn by J. M. Le Beau in their favor upon Rev. J. J. Darcy, a priest at that place, as agent for appellant, and which it was claimed the priest, acting as such agent, had promised to pay. The orders amounted to $2,012.99, and there was a recovery for that sum.

The orders were given for lumber purchased from plaintiffs and used in the construction of a Catholic church and priest's house at Kankakee, which Le Beau had, by written contract, agreed to construct for $16,740. The title to the premises on which the buildings were erected was in defendant, and Darcy, as priest in charge of St. Patrick's congregation, had charge of the negotiations with Le Beau. Darcy showed the plans and specifications to the defendant, and was authorized to execute the contract and go on with the work. The contract was signed in pursuance of such authority as follows: "Rev. J. J. Darcy, St. Patrick's congregation, for the Catholic Bishop of Chicago." The orders were given at different times in the course of the construction. A recovery was sought because of an alleged verbal acceptance by Darcy of the first order with a promise to pay it in thirty days, and an agreement to recognize and pay the subsequent orders when procured. One of the orders was for $146.56, given for lumber for the altar, which it was conceded that Darcy promised to pay, and for which defendant was liable. The other orders were resisted upon the ground that Darcy had no authority to bind defendant to pay for the lumber, and also upon the ground that he did not promise to pay the orders or for the lumber.

It is now insisted that the first order for $936.30, was not admissible in evidence under the common counts, because the lumber for which it was given had already been furnished, and plaintiff sought only to recover on the acceptance and should have declared specially on the contract of acceptance. But when the order was offered in evidence, no objection was made on that ground, the only objection made being on the specific ground that Darcy was not the defendant, and no objection whatever was made to the

evidence of acceptance. The objection now made not having been presented to the trial court, will not be considered. Furthermore there is no assignment of error in the admission of evidence.

Upon the question whether Darcy had power to bind the defendant, the evidence was clear and not contradictory that defendant had nothing to do with the business personally, but that Darcy was his agent and representative in making and carrying out the contract, and that he supervised the work, accepted orders from Le Beau, and made all payments that were made on the contract. He had entire charge of the business in behalf of defendant, and the public dealt with him alone. It seems to us that his general management of the business was such as to justify public confidence that his promises in its execution would bind defendant. A rule, printed in Latin, and made by the Archbishop of Chicago for the government of priests, was put in evidence by defendant. It was translated to the jury as providing that no debt beyond $200 could be contracted without express permission of the archbishop, and if the rule was violated, the archbishop should in no manner whatsoever be held to its liquidation. This rule had never been published, except in a dead language, nor made known to the public in any way. The rule could not affect defendant's liability to third persons, and thus operate as a fraud on the unsuspecting public, dealing in good faith, in ignorance of it. We have no doubt that defendant was bound by the promise if made.

The evidence as to whether or not the promises were made as claimed, consisted of the testimony of H. H. Troup, one of the plaintiffs, in affirmance, and of Darcy in denial. The jury believed and found that Troup was right in his statement, and so far as we can see from the record they were fully justified in doing so.

There was nothing harmful to defendant in the instructions given. Considering the whole series in view of the material questions presented by the evidence, the law was given most liberally for defendant. Believing the judgment to be right, it will be affirmed.